# EXHIBIT 2

STATE OF INDIANA            )       IN THE MONROE CIRCUIT COURT
                            ) SS:
COUNTY OF MONROE            )       Cause Number: 53C04-2112-MI-002595

MICHAEL TODD                        )
      PLAINTIFF                    )
                                    )
    v.                              )
                                    )
CENTENE CORPORATION                 )
COORDINATED CARE CORPORATION  )
     DEFENDANTS                    )

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Michael Todd, *pro se*, and complains against Defendants as follows:

## PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, Michael Todd (herein "Todd" or "Plaintiff") is a natural person and resides in Monroe County, Indiana.

2. At all times relevant to the allegations herein, Defendant, CENTENE CORPORATION (herein "CENTENE") was a Delaware for-profit corporation.

3. At all times relevant to the allegations herein, Defendant, COORDINATED CARE CORPORATION (herein "MHS") was an Indiana for-profit corporation.

4. Defendants are subject to jurisdiction to this Indiana court pursuant to Ind. R. Civ. P. 4.4 (A)(1), (A)(8), and/or 47 U.S.C. § 227 et seq.. Venue is proper pursuant to Ind. R. Civ. P. 75(A)(5), (A)(8), (A)(10), and/or 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

## FACTS

5. CENTENE is a provider of various healthcare products and services.

6. COORDINATED CARE CORPORATION does business as "MHS" or "Managed Health Services and is a subsidiary of CENTENE. According to CENTENE's website:

1

"Managed Health Services (MHS) is a managed care entity that has been proudly serving the state of Indiana for more than 25 years through the Hoosier Healthwise and Hoosier Care Connect Medicaid programs and the Healthy Indiana Plan (HIP) Medicaid alternative program."

centene.com/products-and-services/browse-by-state/indiana.html

7. Todd has maintained a personal cellular telephone number of 812-322-3563 on a cellular telephone service since prior to March 27, 2020.

8. Since March 2020, on multiple occasions, Todd has made requests to CENTENE/MHS to not call Todd's 812-322-3563 number and/or informed CENTENE/MHS they are calling the wrong number based on calls received by Todd from CENTENE/MHS.

9. Since at least March 2020, 812-322-3563 has not been a phone number associated with any member or patient of CENTENE or MHS.

10. Todd's communications with CENTENE/MHS date back to March 2020 and include Todd's direct communications with low-level CENTENE and/or MHS employees, and also include communications with CENTENE's Jan Alonzo, Judith Coffey, the Director, Compliance and Counsel for MHS, and Kenneth Koshorek, Senior Corporate Counsel for CENTENE.

11. Despite Todd's numerous communications with low-level and senior-level employees with CENTENE and/or MHS, Todd continues to be harassed by calls and messages from CENTENE and/or MHS.

12. On October 18, 2021, Todd received an incoming call on his cellular telephone number of 812-322-3563 from CENTENE and/or MHS and/or a person or entity calling on behalf of CENTENE and/or MHS.. The caller left a prerecorded voice message that stated:

"Hello. This is MHS, your health insurance provider calling with a message for you or a member of your household. We saw that you recently went to the emergency room. Did you know that you can call your doctor even after their office is closed? You may not have

to go to the emergency room. If you cannot reach your doctor, you can schedule a free appointment with a doctor through our Teladoc service by calling 1-800-835-2362. MHS also offers a free 24 hour nurse advice line. You can call and speak to a nurse at 1-877-647-4848. Part of your benefits also includes a free care management program. You can talk with a staff member that will work with you to improve your health. If you have any questions (unrecognizable) please call us back at 1-877-647-4848 extension 6034894 between 8 a.m. and 5 p.m. Again the number is 1-877-647-4848 extension 6034894. Thank you."

13. On December 15, 2021, CENTENE and/or MHS, or a person or entity calling on behalf of

CENTENE and/or MHS called Todd at 812-322-3563 and left a prerecorded voice

message that stated:

"Hello. This is your health plan calling on behalf of your doctor with an important message about the COVID vaccine. We are counting on you to protect your loved ones and yourself. Let us know your vaccination status by visiting our website. If you haven't received your vaccine, please call your doctor to schedule an appointment today or go to vaccine.gov for more information. After you receive your vaccination go to your health plan website and update your vaccination status. Thank you for making sure those closest to you can count on you. For any questions about this message or to be added to our do not call list please call 1-866-433-6041. TTY users dial 711."

14. Todd called the phone number of 1-866-433-6041 where a prerecorded message identifies

the entity by stating "Please note that Wellcare of South Carolina Medicaid is now

Absolute Total Care Healthplan.

15. On information and belief in the form of absolutetotalcare.com being virtually identical to

the website of MHS and absolutetotalcare.com lists CENTENE as the owner, Absolute

Total Care is a subsidiary, fictitious business name, or otherwise closely related to

CENTENE and/or MHS.

16. On information and belief in the form of CENTENE's common ownership of MHS and

Absolute Total Care, Absolute Total Care was acting as an agent for CENTENE and/or

MHS in relation to the December 15, 2021 call.

17. In a further failed attempt to get the calls from Defendants to stop, Todd emailed Judith Coffey and Kenneth Koshorek on December 17, 2021 that provided notice of the lawsuit filed against CENTENE and MHS.

18. On December 18, 2021 at 4:57 p.m., Todd received an incoming phone call to 812-322-3563. The caller ID listed "MHS Health" as the caller and 877-647-4848 as the originating phone number.

19. On December 18, 2021 at 5:55 p.m., Todd received an incoming phone call to 812-322-3563. The caller ID listed "MHS Health" as the caller and 877-647-4848 as the originating phone number.

20. On December 18, 2021 at or around 5:57 p.m., CENTENE and/or MHS and/or a person or entity calling on behalf of CENTENE and/or MHS left a prerecorded voice message that stated:

"Hello. This is MHS, your partner in health calling with an important message. Your child may be due for a well child check-up. Well child check-ups are important because they help keep your child healthy. Your child doctor will check your child's general health, growth, and development. With regular well-child visits, your child's doctor can find and address health problems before they become more serious. Please make an appointment with your child's doctor today. If you have questions or would like help choosing a doctor or want to be added to our do-not-call list, MHS care management team is available from 9 a.m. to 4:30 p.m. Monday through Friday. Contact us by phone at 1-888-252-3410 or online at mhsindiana.com/contact-us. Thank you for making MHS your choice for better healthcare."

21. Todd has no membership status or patient status with CENTENE and/or MHS and/or Absolute Total Care Healthplan.

22. Calls from CENTENE and/or MHS were made with the intent to harass, annoy, or alarm Todd but with no intent of legitimate communication as Defendants knew at all times during the 2021 calls that Todd was not a member or patient of CENTENE and/or MHS.

23. On information and belief, the calls listed above were made using an artificial or prerecorded voice to deliver the messages based on extended lengths of dead-air time prior to the beginning of each message beginning and the unnatural tone and cadence of the voice.

24. On December 21, 2021, Todd called MHS at 877-647-4848. Connecting to said number did not offer Todd the option to connect directly to an automated, interactive voice- and/or key press activated opt-out mechanism.

25. During the December 21, 2021 call to MHS at 877-647-4848, Todd was connected to a MHS representative and requested a written copy of MHS's policy for maintaining their do-not-call list. The MHS representative told Todd that MHS had no such written policy.

26. On December 21, 2021, Todd called MHS at 888-252-3410. Connecting to said number did not offer Todd the option to connect directly to an automated, interactive voice- and/or key press activated opt-out mechanism.

27. During the December 21, 2021 call to MHS at 888-252-3410, Todd was connected to a MHS representative and requested a written copy of MHS's policy for maintaining their do-not-call list. The MHS representative told Todd she didn't know if MHS had a written policy.

28. On December 21, 2021, Todd called 866-433-6041. Connecting to said number did not offer Todd the option to connect directly to an automated, interactive voice- and/or key press activated opt-out mechanism.

29. On December 21, 2021, Todd called and spoke with Kenneth Koshorek of CENTENE/MHS. During the course of the call, Kenneth Koshorek confirmed that he had received Todd's email of the notice of this lawsuit against CENTENE/MHS.

30. As a direct and proximate result of the calls from Defendants in 2021, the calls invaded Todd's privacy, resulted in loss of battery power on Todd's cell phone, loss of storage space on Todd's cell phone, result in unnecessary ringing or vibrating of Todd's cell phone, as well as other damages including but not limited to Todd suffering anxiety in the form of shortness of breath, fear of impending doom, along with other negative emotions, loss of sleep, and muscle spasms.

31. No calls from Defendants were made for emergency purposes as that term is defined by 47 C.F.R. § 64.1200(f)(4).

32. Plaintiff never provided Defendants his prior express consent to receive calls with an artificial or prerecorded message.

33. Each call from Defendants detailed above was a "telephone solicitation" as that term is defined by 47 C.F.R. § 64.1200(f)(15) as each call was made for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

34. Each call from Defendants detailed above was "telemarketing" as that term is defined by 47 C.F.R. § 64.1200(f)(13).

35. As a direct and proximate result of the actions or inactions of CENTENE and/or MHS relating to the calls to Todd in 2021, Todd was damaged, his senses were offended, the calls were injurious to Todd's health and/or an obstruction to Todd's free use of his phone.

36. Defendants are liable to Todd through the doctrine of respondeat superior for the wrongful, intentional, or negligent acts, errors, and omissions of their employees or agents.

**COUNT ONE:**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

37. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

38. In the entire course of action, CENTENE and/or MHS violated 47 U.S.C. § 227(b)(1)(A)(iii) on October 18, 2021 by making a call using an artificial or prerecorded voice a telephone number assigned to a cellular telephone service.

39. Pursuant to 47 U.S.C. § 227(b)(3), Todd is entitled to injunctive relief and statutory damages of $500.

40. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(b)(3).

41. Todd has been damaged as a result.

42. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT TWO:
## VIOLATION OF 47 C.F.R. § 64.1200(a)(1)(iii)

43. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

44. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(a)(1)(iii) on October 18, 2021 by initiating a telephone call using an artificial or prerecorded voice a telephone number assigned to a cellular telephone service.

45. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

46. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

47. Todd has been damaged as a result.

48. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT THREE:

**VIOLATION OF 47 C.F.R. § 64.1200(d)(3)**

49. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

50. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(3) on October 18, 2021 initiating a call to Todd for telemarketing purposes and failing to honor Todd's 2020 do-not-call request within a reasonable time from the date such request was made.

51. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

52. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

53. Todd has been damaged as a result.

54. CENTENE and/or MHS is liable to Todd for the damages.

**COUNT FOUR:**
**VIOLATION OF 47 C.F.R. § 64.1200(d)(6)**

55. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

56. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(6) on October 18, 2021 initiating a call to Todd for telemarketing purposes and failing to honor Todd's 2020 do-not-call request in a time less than 5 years from the time the request was made.

57. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

58. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

59. Todd has been damaged as a result.

60. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT FIVE:
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

61. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

62. In the entire course of action, CENTENE and/or MHS violated 47 U.S.C. § 227(b)(1)(A)(iii) on December 15, 2021 by making a call using an artificial or prerecorded voice a telephone number assigned to a cellular telephone service.

63. Pursuant to 47 U.S.C. § 227(b)(3), Todd is entitled to injunctive relief and statutory damages of $500.

64. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(b)(3).

65. Todd has been damaged as a result.

66. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT SIX:
## VIOLATION OF 47 C.F.R. § 64.1200(a)(1)(iii)

67. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

68. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(a)(1)(iii) on December 15, 2021 by initiating a telephone call using an artificial or prerecorded voice a telephone number assigned to a cellular telephone service.

69. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

70. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

71. Todd has been damaged as a result.

72. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT SEVEN:
## VIOLATION OF 47 C.F.R. § 64.1200(d)(3)

73. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

74. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(3) on December 15, 2021 by initiating a call to Todd for telemarketing purposes and failing to honor Todd's 2020 do-not-call request within a reasonable time from the date such request was made.

75. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

76. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

77. Todd has been damaged as a result.

78. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT EIGHT:
## VIOLATION OF 47 C.F.R. § 64.1200(d)(6)

79. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

80. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(6) on December 15, 2021 by initiating a call to Todd for telemarketing purposes and failing to honor Todd's 2020 do-not-call request in a time less than 5 years from the time the request was made.

81. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

82. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

83. Todd has been damaged as a result.

84. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT NINE:
## VIOLATION OF 47 C.F.R. § 64.1200(d)(6)

85. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

86. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(b)(1) on December 15, 2021 by delivering an artificial or prerecorded voice message that failed at the beginning of the message to state clearly the identity of the business, individual, or other entity responsible for making the call.

87. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

88. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

89. Todd has been damaged as a result.

90. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT TEN:
## VIOLATION OF 47 C.F.R. § 64.1200(d)(3)

91. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

92. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(3) on December 18, 2021 at 4:57 p.m. by initiating a call to Todd for telemarketing purposes and failing to honor Todd's 2020 do-not-call request within a reasonable time from the date such request was made.

93. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

94. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

95. Todd has been damaged as a result.

96. CENTENE and/or MHS is liable to Todd for the damages.

**COUNT ELEVEN:**
**VIOLATION OF 47 C.F.R. § 64.1200(d)(6)**

97. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

98. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(6) on December 18, 2021 at 4:57 p.m. by initiating a call to Todd for telemarketing purposes and failing to honor Todd's 2020 do-not-call request in a time less than 5 years from the time the request was made.

99. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

100. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

101. Todd has been damaged as a result.

102. CENTENE and/or MHS is liable to Todd for the damages.

**COUNT TWELVE:**
**VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)**

103. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

104. In the entire course of action, CENTENE and/or MHS violated 47 U.S.C. § 227(b)(1)(A)(iii) on December 18, 2021, at or about 5:57 p.m. by making a call using an artificial or prerecorded voice a telephone number assigned to a cellular telephone service.

105. Pursuant to 47 U.S.C. § 227(b)(3), Todd is entitled to injunctive relief and statutory damages of $500.

106. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(b)(3).

107. Todd has been damaged as a result.

108. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT THIRTEEN:
## VIOLATION OF 47 C.F.R. § 64.1200(a)(1)(iii)

109. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

110. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(a)(1)(iii) on December 18, 2021, at or about 5:57 by initiating a telephone call using an artificial or prerecorded voice a telephone number assigned to a cellular telephone service.

111. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

112. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

113. Todd has been damaged as a result.

114. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT FOURTEEN:
## VIOLATION OF 47 C.F.R. § 64.1200(d)(3)

115. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

116. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(3) on December 18, 2021, at or about 5:55 p.m., by initiating a call to Todd for telemarketing purposes and failing to honor Todd's 2020 do-not-call request within a reasonable time from the date such request was made.

117. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

118. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

119. Todd has been damaged as a result.

120. CENTENE and/or MHS is liable to Todd for the damages.

**COUNT FIFTEEN:**
**VIOLATION OF 47 C.F.R. § 64.1200(d)(6)**

121. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

122. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(6) on December 18, 2021, at or about 5:55 p.m., by initiating a call to Todd for telemarketing purposes and failing to honor Todd's 2020 do-not-call request in a time less than 5 years from the time the request was made.

123. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

124. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

125. Todd has been damaged as a result.

126. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT SIXTEEN:
## VIOLATION OF 47 C.F.R. § 64.1200(b)(3)

127. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

128. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(b)(3) during the October 18, 2021 artificial or prerecorded message by failing to provide Todd a toll free number that enables the called person to call back at a later time and connect directly to an automated, interactive voice – and/or key press-activated opt-out mechanism and automatically record the called person's number to the seller's do-not-call list.

129. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

130. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

131. Todd has been damaged as a result.

132. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT SEVENTEEN:
## VIOLATION OF 47 C.F.R. § 64.1200(b)(3)

133. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

134. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(b)(3) during the December 15, 2021 artificial or prerecorded message by failing to provide Todd a toll free number that enables the called person to call back at a later time and connect directly to an automated, interactive voice – and/or key press-activated opt-out mechanism and automatically record the called person's number to the seller's do-not-call list.

135. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

136. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

137. Todd has been damaged as a result.

138. CENTENE and/or MHS is liable to Todd for the damages.

**COUNT EIGHTEEN:**
**VIOLATION OF 47 C.F.R. § 64.1200(b)(3)**

139. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

140. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(b)(3) during the December 18, 2021 artificial or prerecorded message by failing to provide Todd a toll free number that enables the called person to call back at a later time and connect directly to an automated, interactive voice – and/or key press-activated opt-out mechanism and automatically record the called person's number to the seller's do-not-call list.

141. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

142. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

143. Todd has been damaged as a result.

144. CENTENE and/or MHS is liable to Todd for the damages.

**COUNT NINETEEN:**
**VIOLATION OF 47 C.F.R. § 64.1200(d)(1)**

145. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

146. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(1) by failing to have a written policy, available upon demand, for maintaining a do-not-call list.

147. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

148. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

149. Todd has been damaged as a result.

150. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT TWENTY:
## VIOLATION OF 47 C.F.R. § 64.1200(d)(2)

151. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

152. In the entire course of action, CENTENE and/or MHS violated 47 C.F.R. § 64.1200(d)(2) by failing to inform or train the personnel in the existence and use of the do-not-call list.

153. Pursuant to 47 U.S.C. § 227(c)(5), Todd is entitled to injunctive relief and statutory damages of $500.

154. The actions or inactions of CENTENE and/or MHS were willful or knowing and Todd is therefore entitled to treble damages pursuant to 47 U.S.C. § 227(c)(5).

155. Todd has been damaged as a result.

156. CENTENE and/or MHS is liable to Todd for the damages.

## COUNT TWENTY-ONE:
## INVASION OF PRIVACY – INTRUSION UPON SECLUSION

157. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

158. Indiana law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated state law as described in this Complaint, specifically by placing calls and leaving a voice messages to Todd in 2021, after being advised beginning in 2020 and on multiple occasions that Todd did not want to receive calls from Defendants and/or Defendants were calling the wrong number.

159. Defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude and seclusion of Plaintiff through calls and voicemails in 2021 to 812-322-3563, and thereby invaded Todd's privacy.

160. At all times relevant herein, Defendants had the opportunity to remove Todd from further calls or voicemails from Defendants but failed to do so.

161. Defendants intentionally, recklessly and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct of continuing to call Todd despite all of the above, thereby invading and intruding upon Todd's right to privacy.

162. Todd has a reasonable expectation of privacy in Todd's solitude and seclusion.

163. The conduct of Defendants in engaging in the above-described conduct against Todd, resulted in intrusion and invasion of privacy by Defendants which occurred in a way that would be offensive or objectionable to a reasonable person.

164. The conduct of Defendants caused Plaintiff past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

165. As a result of such intrusions and invasions of privacy, Todd is entitled to actual damages in an amount to be determined by the trier of fact.

166. Defendants are liable to Todd for his damages.

**COUNT TWENTY-TWO:**
**NEGLIGENCE *PER SE***

167. Plaintiff repeats and realleges each and every paragraph above as if set forth herein.

168. At all times relevant herein, Defendants owed a duty to Todd to refrain from harassment under I.C. 34-45-2-2.

169. Defendants breached that duty by and through continuing to call and/or leave messages on Todd's cellular telephone despite Defendants notice and knowledge of Todd's do-not-call request.

170. But for the continued calls in 2021 by Defendants, Todd would not have been damaged.

171. The actions of Defendants were the proximate cause of injury to Todd, Defendants could have foreseen this, and the actions or inactions constitute negligence *per se*.

172. Todd has been damaged as a result and is entitled to an amount to be determined by the trier of fact against Defendants.

173. Defendants are liable to Todd for his damages.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered in favor of Plaintiff, Michael Todd, against CENTENE CORPORATION and COORDINATED CARE CORPORATION, both jointly and severally, for actual damages in an amount in excess of $10,000, statutory damages pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5), treble damages pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5), injunctive relief pursuant to 47 U.S.C. § 227(b)(3) and/or 47 U.S.C. § 227(c)(5), the costs of this action, and for such further relief as may be just or proper.

Respectfully submitted:/s/ Michael Todd
Michael Todd, Plaintiff
844 West Rosewood Drive
Bloomington, IN 47404
812-322-3563
michael@todd204.com

## **CERTIFICATE OF SERVICE**

I, Michael Todd, do hereby certify that a copy of the foregoing Amended Complaint was served via USPS, with postage prepaid, on December 22, 2021 to:

CENTENE CORPORATION
c/o C T Corporation System
334 North Senate Avenue
Indianapolis, IN 46204

COORDINATED CARE CORPORATION
c/o C T Corporation System
334 North Senate Avenue
Indianapolis, IN 46204


/s/ Michael Todd
Michael Todd